UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CLARENCE O. HESTER,

    **Plaintiff**,

v.                                                           Civil Action 2:23-cv-4034
                                                              Judge Sarah D. Morrison
                                                              Magistrate Judge Chelsey M. Vascura

ALBERT E. DAVIES, III, *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, Clarence O. Hester, an Ohio resident proceeding without the assistance of counsel, brings this action against several judicial and prosecutorial officers of Belmont County, Ohio, as well as the Belmont County Department of Job and Family Services and the Franklin County Sheriff's Department. Plaintiff's Complaint asserts claims for violation of the United States and Ohio Constitutions, as well as federal and Ohio criminal statutes, arising out of Plaintiff's arrest in August 2023. Plaintiff has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

    This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, the undersigned **RECOMMENDS** that the Court **DISMISS** this action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

## I.   BACKGROUND

Plaintiff alleges that he was arrested at his home in Columbus, Ohio, on August 21, 2023, for failure to appear at a 2019 Juvenile Court hearing in Belmont County. (*See* Incident Report, ECF No. 1-3, PAGEID #10.) Plaintiff requested a copy of the arrest warrant upon being placed into custody but was not afforded an opportunity to read the warrant. (*Id.*) Plaintiff told the arresting officers that Plaintiff's arrest violated federal law, but his complaints were ignored. (*Id.* at PAGEID #11.) Plaintiff spent the next seven days in custody at the Franklin County Correction Center until he attended a hearing at the Belmont County Juvenile Court, at which time Plaintiff was ordered by Defendant Belmont County Juvenile Court Judge Albert Davies to pay a $1,000 bond and a $100 fine. (*Id.*) Plaintiff alleges that he was never served with a notice to appear at the 2019 hearing, and therefore his 2023 arrest for failure to appear was unlawful. (*Id.*) However, the Juvenile Court documents Plaintiff attaches to his Complaint reflect that Judge Davies made an express finding of fact that Plaintiff was served with the necessary notices. (*See* Journal/Docket Entry, ECF No. 1-4, PAGEID #17.)

Plaintiff asserts claims against Judge Davies and Defendant Belmont County Juvenile Court Magistrate Amy Busic for violations of Article 1, Section 15 of the Ohio Constitution, the Separation of Powers doctrine, the Due Process clause of the Fourteenth Amendment to the United States Constitution, and 18 U.S.C. §§ 241–242. Plaintiff also asserts claims against Defendants Corey Alexander (a Case Investigator from Belmont County Department of Job and Family Services), Rhonda Greenwood (Assistant Belmont County Prosecuting Attorney), Belmont County Department of Job and Family Services, and Franklin County Sheriff's

Department for violations of 18 U.S.C. § 241–42 and Ohio Revised Code § 2921.44. (Compl. 3, ECF No. 1-2.) Plaintiff seeks criminal prosecution of all defendants as well as compensatory damages. (*Id.* at 4.)

## II.  STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. ANALYSIS

As an initial matter, all of Plaintiff's claims against Judge Davies and Magistrate Busic must be dismissed because, no matter how liberally the Court construes Plaintiff's Complaint, these Defendants are entitled to judicial immunity. Judicial officers are entitled to absolute

4

immunity from civil liability when acting within the scope of their duties. *See Pierson v. Ray*, 386 U.S. 547, 553–54 (1967); *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citations omitted) (immunity overcome only if actions taken are not within the judge's judicial capacity or if the actions, "though judicial in nature, [are] taken in the complete absence of all jurisdiction"). Plaintiff's Complaint contains no plausible allegations upon which this Court could rely to conclude that the exceptions to judicial immunity apply to exempt the judicial officers he names. Instead, it appears that Plaintiff merely disagrees with the rulings reached by the Defendants in the underlying juvenile proceedings. These rulings fall squarely within the Defendants' judicial capacity and therefore fall squarely within the immunity afforded to judicial officers. Accordingly, Plaintiff fails to state a claim on which relief may be granted against Judge Davies or Magistrate Busic.

Plaintiff's claims against the remaining Defendants all purportedly arise out of federal and Ohio criminal statutes. *See* 18 U.S.C. § 241 (criminal prohibition on conspiracy to deprive another of their rights under the United States Constitution); 18 U.S.C. § 242 (criminal prohibition on deprivation of United States Constitutional rights under color of law); O.R.C. § 2921.44 (criminal prohibition on dereliction of duty by law enforcement officers). These are criminal statutes that do not provide Plaintiff with a private cause of action. *See*, *e.g.*, *Booth v. Henson*, 290 F. App'x 919, 920–21 (6th Cir. 2008) (no private right of action under 18 U.S.C. §§ 241 or 242); *State ex rel. Bailey v. Ohio Parole Bd.*, 97 N.E.3d 433, 437 (2017) (no private cause of action under O.R.C. § 2921.44). Accordingly, Plaintiff fails to state a claim on which relief may be granted against the remaining Defendants.

5

## IV. DISPOSITION

Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (ECF No. 1) is **GRANTED**. For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE