UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CLARENCE O. HESTER,**

       **Plaintiff,**    :

v.

       Case No. 2:23-cv-4034
       Judge Sarah D. Morrison
       Magistrate Judge Chelsey M. Vascura

**ALBERT E. DAVIES, III,** *et al.*,    :

       **Defendants.**

## ORDER

This matter is before the Court on the Order and Report and Recommendation issued by the Magistrate Judge on December 14, 2023. (R&R, ECF No. 3.) The Magistrate Judge granted Plaintiff Clarence Hester's request to proceed *in forma pauperis* (ECF No. 1), and, after performing an initial screen of the Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge recommended that the Court dismiss Mr. Hester's claims for failure to state a claim upon which relief may be granted. (*Id.*) Mr. Hester timely filed an objection. (Obj., ECF No. 5.) For the reasons set forth below, the Court **ADOPTS** and **AFFIRMS** the Report and Recommendation (ECF No. 3) and **DISMISSES** the Complaint (Compl., ECF No. 2).

**I.    BACKGROUND**

Mr. Hester is an Ohio resident proceeding without assistance of counsel. (Compl., PAGEID # 112.) He commenced this action against several judicial and prosecutorial officers of Belmont County, Ohio—including Judge Albert Davies,

Magistrate Amy Busic, Corey Alexander (Case Investigator from Belmont County Department of Job and Family Services), and Rhonda Greenwood (Assistant Belmont County Prosecuting Attorney)—as well as the Belmont County Department of Job and Family Services and various other county and state officials and entities. (*Id.*, PAGEID # 113; ECF No. 2-1, PAGEID # 120.) Mr. Hester alleges claims for violations of the United States and Ohio Constitutions, as well as federal and Ohio criminal statutes, arising out of his arrest in August 2023 for failure to appear at a 2019 Juvenile Court hearing in Belmont County. (Compl., PAGEID # 114; ECF No. 1-3, PAGEID # 10.) He seeks criminal prosecution of all Defendants as well as compensatory damages. (Compl., PAGEID # 115.)

The Magistrate Judge issued an Order and Report and Recommendation recommending that this Court dismiss Mr. Hester's claims. (R&R, PAGEID # 207.) Mr. Hester objects. (Obj., PAGEID # 212.)

## II.     STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.    ANALYSIS

The Magistrate Judge performed an initial screen of Mr. Hester's Complaint pursuant to 28 U.S.C. § 1915(e)(2). (R&R, PAGEID # 209–10.) Upon review, the

2

Magistrate Judge recommended that Mr. Hester's claims be dismissed for failure to state a claim. (*Id*.) With respect to Mr. Hester's claims against Judge Davies and Magistrate Busic, the Magistrate Judge reasoned:

> As an initial matter, all of Plaintiff's claims against Judge Davies and Magistrate Busic must be dismissed because, no matter how liberally the Court construes Plaintiff's Complaint, these Defendants are entitled to judicial immunity. Judicial officers are entitled to absolute immunity from civil liability when acting within the scope of their duties … Plaintiff's Complaint contains no plausible allegations upon which this Court could rely to conclude that the exceptions to judicial immunity apply to exempt the judicial officers he names. Instead, it appears that Plaintiff merely disagrees with the rulings reached by the Defendants in the underlying juvenile proceedings. These rulings fall squarely within the Defendants' judicial capacity and therefore fall squarely within the immunity afforded to judicial officers.

(*Id.* (citations omitted).) The Magistrate Judge further concluded with respect to the remaining Defendants:

> Plaintiff's claims against the remaining Defendants all purportedly arise out of federal and Ohio criminal statutes. These are criminal statutes that do not provide Plaintiff with a private cause of action.

(*Id.*, PAGEID # 210 (citations omitted).)

Mr. Hester objects to the Magistrate Judge's Report and Recommendation, arguing that "judicial immunity does not extend to quasi judicial or administrative functions" and that "[a]ll defendants however were acting in private capacity" rather than as "neutral" judicial officers. (Obj., PAGEID # 214, 218.)

The Court finds no error in the Magistrate Judge's conclusions or reasoning. As to Mr. Hester's objections, though it is true that judicial immunity may not extend to quasi-judicial or administrative functions, the record reflects that Judge Davies and Magistrate Judge Busic were acting in their judicial capacity within the

3

scope of their duties in the underlying juvenile proceedings. (*See, e.g.*, ECF No. 1-3, PAGEID # 11.) They are thus entitled to immunity from civil liability.

Additionally, Mr. Hester's objection does not address the Magistrate Judge's findings regarding the other Defendants. The Court makes a *de novo* determination only of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).

## IV.  CONCLUSION

Mr. Hester's Objection (ECF No. 5) is **OVERRULED**. The Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 3). Mr. Hester's Complaint is **DISMISSED**. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket of the United States District Court for the Southern District of Ohio.[1]

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

---

[1] This Order moots Mr. Hester's pending Motion and Order for Court to Show Just Cause (ECF No. 6), which Motion is also not well taken.